IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONALD URBANIC AND
BETH ANN ROSICA
  338 West Miner Street
  West Chester, PA 19382

           Plaintiffs

    v.

BOROUGH OF WEST CHESTER
AND MAYOR DIANE HERRIN
  401 E. Gay Street
  West Chester, PA 19380

           Defendants

CIVIL ACTION NO. _____

## **COMPLAINT**

### INTRODUCTION

Plaintiffs Donald Urbanic and Beth Ann Rosica, are residents of the Borough of West Chester ("Borough"), and citizens of the Commonwealth of Pennsylvania within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. As citizens of the United States of America and of the Commonwealth of Pennsylvania, Plaintiffs have been, and continue to be affected and harmed by certain declarations and an ordinance, issued by the Defendants, as detailed and described *passim*.

On October 2, 2020, West Chester Borough Mayor, Dianne T. Herrin, issued an emergency declaration limiting the number of individuals who could gather in private residences within the Borough to ten (10) in number, and requiring that face coverings be worn by residents of the Borough in almost every conceivable location and situation,

1

including within private residences if in contact with any non-family member. On October 13, 2020, Mayor Herrin issued an Amended Emergency Declaration allowing gatherings of up to 25 individuals at a private residence upon submission of a "social gathering special event request" for the Mayor's exclusive review and approval.

On October 21, 2020, upon Mayor Herrin's request, West Chester Borough Council passed Ordinance 09-2020, codifying the Mayor's emergency declaration in substantial form. Notably, however, the ordinance does not include any application process for deviation from the strict limitation of gathering size. In demonstration of what can only be characterized as profound misunderstanding of constitutional axioms,[1] West Chester Borough Council justified its authority to pass and enforce the Ordinance thusly: "...as a Home Rule Municipality, the Borough of West Chester may exercise any power and function not denied it by the Constitution of the United States of America, by the Constitution of the Commonwealth of Pennsylvania, by the General Assembly of the Commonwealth, or by the Borough's Home Charter."

## JURISDICTION AND VENUE

1. This Court has jurisdiction to hear this case under 28 U.S.C. §§1331 and 1343(a)(3)(4), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

2. Venue is proper under 28 U.S.C. §1391(b), because the events giving rise to Plaintiffs' claims occurred within this district.

---

[1] "To guard against transgressions of the high powers which we have delegated, we declare that everything in this article is excepted out of the general powers of government and shall forever remain inviolate." Pa. Const. art. I, § 25.

## PARTIES

3.      Defendant West Chester Borough ("Borough") is a home rule charter borough within the Commonwealth of Pennsylvania with general administrative offices located at 401 E. Gay Street, West Chester, PA 19380.

4.      Defendant Mayor Diane Herrin ("Defendant Herrin"), named in her official capacity, is the mayor of the Borough of West Chester and is the head of Borough government for all ceremonial purposes, in addition to other duties and powers designated in the Borough's home rule charter ("Charter"). *See* Charter, §401.

5.      Plaintiffs Donald Urbanic and Beth Ann Rosica ("Plaintiffs") are husband and wife, *sui juris*, with an address of 338 West Miner Street, West Chester, PA 19382.

## FACTS

6.      On October 2, 2020, Defendant Herrin issued an emergency declaration ("Emergency Declaration") limiting the number of individuals who could gather in private residences to ten (10) in number, and requiring that face coverings be worn in the Borough, both inside and outside.[2] A copy of the Emergency Declaration is attached as **Exhibit "A."**

7.      The Emergency Declaration further provided that "When the number of members living in a household exceeds 10, no additional persons shall gather at the property, either indoors or outdoors." Ex. A, p.3.

---

[2] Borough Home Rule Charter Section 401.I provides: "Until appropriate action can be taken by Council, to declare a state of emergency, when a serious threat to life, health, or safety of the citizens of the Borough shall occur within the Borough, and to take appropriate actions in such circumstances. Any person violating such proclamation of emergency shall be guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine not to exceed three hundred dollars ($300) and costs, or to undergo imprisonment not to exceed thirty (30) days."

3

8. The Emergency Declaration further mandates that Borough residents wear a face covering when "Coming into contact with any person who is not that person's family or household member, whether indoors or outdoors, including, but not limited to, contact during gatherings…" ("Mask Order").

9. The Emergency Declaration does not provide an exception from the Mask Order for residents on private property, or within residential dwellings.

10. The Mayor's stated impetus for the Emergency Declaration was that: "The rate of viral infection is particularly high in the 18- to 22-year-old age group, and infections in the Borough are concentrated in the rental community." Ex. A, p.2.

11. The Emergency Declaration includes a table of purported infection rates by age category of residents in the Borough, without attribution to the source of the statistics.

12. Defendant Herrin, as set forth in the Emergency Declaration, declared the ability to control the movement and ability to control rights and interests in private property of Borough residents, without first providing them prior notice, an opportunity to be heard, or just compensation.

13. On October 11, 2020, Defendant Herrin, who was, at the time, a candidate for Pennsylvania State House District 156 Representative, held an outdoor fundraiser for her campaign in the Borough, the attendees of which greatly exceeded the gathering limitations imposed by the Emergency Declaration.

14. Following public criticism of her campaign event, on October 13, 2020, Defendant Herrin amended the Emergency Declaration to permit gatherings of up to 25 individuals at a private residence upon submission of a "social gathering special event

3778479v2
211814.69597

request" for her exclusive approval. A copy of the Amended Emergency Declaration is attached as **Exhibit "B."**

15. The Amended Emergency Declaration purports to delegate Defendant Herrin the authority to unilaterally determine acceptable measures or conditions for a gathering of individuals between 10 and 25 in number.

16. The Amended Emergency Declaration further clarified, "…it is important to understand that residences are the only area not currently covered under the Governor's COVID safety orders. The [Emergency Declaration] was issued on October 2, 2020, to address this particular area, given the rising infection rates in the Borough's rental community among 18- to 22-year-olds."

17. For violation of the Emergency Declaration, each "Household"[3] member and any other individual in attendance at a gathering was subject to the maximum fine of $300.

18. On October 21, 2020, upon Defendant Herrin's request, Borough Council passed Ordinance 09-2020 ("Ordinance").[4] A copy of the Ordinance is attached as **Exhibit "C."**

19. The Defendants claimed the power to enter the Ordinance thusly: "…as a Home Rule Municipality, the Borough of West Chester may exercise any power and

---

[3] "Household" is defined as "the same dwelling unit." Ex. A, p.3.

[4] Borough Home Rule Charter Section 302.I provides: "To meet a public emergency affecting life, health, property or public safety, the Council may adopt an emergency ordinance at the meeting at which it is introduced and the Council may make it effective immediately, except that no such ordinance may be used to levy taxes, grant or extend a franchise or authorize the borrowing of money except as provided by this Charter or by General Law. An emergency ordinance shall be plainly designated as an emergency ordinance and shall contain, after the enacting clause, a declaration stating that an emergency exists and describing it in clear and specific terms. After the adoption of an emergency ordinance, the Council shall have it publicized in full within ten (10) days in at least one (1) newspaper of general circulation in the Borough. Every emergency ordinance shall automatically stand repealed as of the 61st day following the date on which it was adopted, but this shall not prevent reenactment of the ordinance in the manner specified in this section if the emergency still exists. An emergency ordinance may be repealed at any time."

function not denied it by the Constitution of the United States of America, by the Constitution of the Commonwealth of Pennsylvania, by the General Assembly of the Commonwealth, or by the Borough's Home Charter." See Exhibit C.

20. Neither the Emergency Declaration nor the Ordinance provide information regarding what level of infection is scientifically or politically necessary for repeal of the emergency measures mandated.

21. Plaintiffs reside within the Borough. The Emergency Declaration and Ordinance, under the color of state law, restrict Plaintiffs' freedom of association and assembly, right to privacy, and right to control their private property, including all other constitutionally protected rights adherent thereto.

22. In an arbitrary and capricious manner, Defendant Herrin established an application for a "special exception" from the Emergency Declaration's maximum gathering capacity, though providing no basis in statistical, scientific, or other consideration(s).

23. Defendants failed to offer evidence that Covid-19 stops at or respects arbitrary boundaries such as the geographical borders of the Borough, and the edicts of Defendant Herrin and the Borough have no power over the conduct of private gatherings, liberty, and other constitutional rights with respect to the residents of the Borough when gathering outside of the Borough's geographical jurisdiction.

24. Neither the Emergency Declaration nor the Ordinance seek to regulate the size of gatherings in commercial establishments or public property, and both provide specific exception to the face covering mandate for dining on commercial property,

regardless of whether a diner "comes into contact with" a server or other member of the public while unmasked.

25. The Emergency Declaration was issued pursuant to Defendant Herrin's alleged authority as Mayor under the Borough's Charter, and sought to enforce her restrictions with use of the force through the Borough's Police Department. Defendant Herrin ostensibly also intended to regulate and track the movement and association of Borough residents by making a record of private gatherings in excess of ten individuals, and informing the Borough Police of the particulars of any such gathering if approved pursuant to her "special exception" process. Ex. B, p.2.

26. The Ordinance was passed by Borough Council pursuant to its alleged authority under the Charter, as well as "any power and function not denied it by the Constitution of the United States of America, by the Constitution of the Commonwealth of Pennsylvania, by the General Assembly of the Commonwealth, or by the Borough's Home Charter." Ex. C, p.3.

27. In an arbitrary and capricious manner, Defendants Herrin and the Borough, have expressed an intention to deprive Plaintiffs, *inter alios*, of the use of their private property and privacy interests, while permitting businesses and subjectively approved gatherings to organize and conduct activities otherwise.

28. There is no reasonable basis upon which the Ordinance permits gatherings of greater than 15 individuals upon nonresidential properties, while prohibiting a similar gathering on private, residential property.

29. There is no reasonable bases for capping the maximum number of individuals permitted in a Household at 15, insofar as the Ordinance makes no distinction

7

3778479v2
211814.69597

between various types of dwellings based upon square footage, or properties based upon acreage.

30. Defendants, through the Emergency Declaration and the Ordinance, have deprived Plaintiffs of their constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, and have done so without requisite due process.

31. Defendants, through the Emergency Declaration and the Ordinance, have taken Plaintiffs' private property rights for a purportedly public interest, without the payment of just compensation mandated by the Fifth Amendment of the U.S. Constitution.

32. Plaintiffs' standing in this case derives from the following:

a. They are individuals whose freedoms of assembly and association have been infringed upon;

b. They are individuals whose privacy interests have been unreasonably and illegally invaded;

c. They have borne actual injury from the Emergency Declaration and Ordinance in being prohibited from assembling or gathering upon their private property in a group of more than 10 or 15 persons, respectively;

d. They have borne actual injury in the restriction upon their liberty and property without due process;

e. They have borne actual injury in the taking of their private property for a public interest without just compensation; and

f. Their interest is concrete and particularized insofar as the injuries set forth *passim* are actual and ongoing.

3778479v2
211814.69597

## COUNT I - 42 U.S.C. §1983
## DEPRIVATION OF RIGHTS OF DUE PROCESS AND
## EQUAL PROTECTION UNDER THE FIFTH AND FOURTHEENTH AMENDMENTS
## TO THE UNITED STATES CONSTITUTION

33. Plaintiffs incorporate paragraph nos. 1 through 32, above, as though set forth at length herein.

34. The Fifth Amendment to the United States Constitution holds, in relevant part, "No person shall … be deprived of … property, without due process of law." U. S. Const. amend. V.

35. The Fourteenth Amendment to the United States Constitution similarly holds, "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U. S. Const. amend. XIV.

36. The Equal Protection Clause requires governmental entities to act in a rational and non-arbitrary fashion.

37. Defendants' actions in subjecting all residential properties into the same category without distinction based upon size, and in failing to treating residential properties differently from non-residential properties without articulable bases, are arbitrary and irrational *ipse dixit*.

38. Defendants' actions cause Plaintiffs to be deprived of the reasonable use and control of their private property while nonresidential properties are not subject to the same restrictions.

3778479v2
211814.69597

39. Defendant Herrin knew or should have known that the Emergency Declaration was unlawful and in violation of the Plaintiffs' Constitutional rights under the Fifth and Fourteenth Amendments of the United States Constitution.

40. The Borough knew or should have known that the Ordinance was unlawful and in violation of the Plaintiffs' Constitutional rights under the Fifth and Fourteenth Amendments of the United States Constitution.

41. "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. §1982.

42. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…" 42 U.S.C. §1983.

43. In issuing the Emergency Declaration and passing the Ordinance, Defendant Herrin and the Borough, under color of state law, violated 42 U.S.C. §1982.

44. In issuing the Emergency Declaration and passing the Ordinance, Defendant Herrin and the Borough violated the Plaintiffs' rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, subjecting themselves to this action under 42 U.S.C. §1983.

**COUNT II – 42 U.S.C. §1983**
**DEPRIVATION OF RIGHTS OF PRIVACY AND PROPERTY UNDER THE**
**<u>FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION</u>**

3778479v2
211814.69597

45. The averments of paragraph nos. 1 through 44, above, are hereby incorporated by reference as though set forth at length herein.

46. The Fourth Amendment to the United States Constitution reads, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U. S. Const. amend. IV.

47. Plaintiffs maintain a legitimate legal and possessory interest in their private, residential property in the Borough.

48. Plaintiffs' privacy and security in their real property is has been threatened by the Emergency Declaration and the Ordinance with threats quasi-criminal citations and fines for the exercise of their constitutional rights.

49. Defendant Herrin and the Borough violated, *inter alios*, Plaintiffs' constitutional rights with deliberate indifference to the obvious unconstitutional consequences of the Emergency Declaration and Ordinance.

50. Defendant Herrin and the Borough knew or should have known that the mandates of the Emergency Declaration (including the Mask Order) and Ordinance were a violation of the Plaintiffs' rights under the Fourth Amendment of the United States Constitution.

51. In issuing the Emergency Declaration and passing the Ordinance, Defendant Herrin and the Borough, under color of state law, violated 42 U.S.C. §1982.

52. In issuing the Emergency Declaration and passing the Ordinance, Defendant Herrin and the Borough violated the Plaintiffs' rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, subjecting themselves to this action under 42 U.S.C. §1983.

53. The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const. Amend. V.

54. The Takings Clause generally bars the government from forcing some members of the public from bearing burdens that should be borne by the public as a whole.

55. Defendant Herrin and the Borough, through the Emergency Declaration and Ordinance, took property from members of the public, and from Plaintiffs, without just compensation.

56. The takings effectuated by the Emergency Declaration and the Ordinance, respectively, prohibit the use of Borough residents' property and therefore, cause a diminution or loss in value of such property.

57. The Emergency Declaration and the Ordinance effectively deprive Plaintiffs, as well as every other Borough resident, of their interests in residential private property – whether owned or rented.

### COUNT III – 42 U.S.C. §1983
### VIOLATION OF RIGHTS UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AND
### THE SUNSHINE ACT, 65 Pa.C.S.A. § 701, *et seq.*

58. Plaintiffs incorporate paragraph nos. 1 through 57, above, as though set forth at length herein.

59. "…the board or council of a political subdivision or of an authority created by a political subdivision shall provide a reasonable opportunity at each advertised regular meeting and advertised special meeting for residents of the political subdivision or of the authority created by a political subdivision or for taxpayers of the political subdivision or of the authority created by a political subdivision or for both to comment on matters of concern, official action or deliberation which are or may be before the board or council prior to taking official action." 65 P.S. §710.1.

60. Neither Defendant Herrin nor the Borough provided Plaintiffs or any Borough resident a reasonable opportunity to participate in the official action or deliberations concerning the Ordinance prior to the borough's official action.

61. The restrictions imposed by the Emergency Declaration, as amended, limited the number of individuals permitted upon residential property to 10, with the potential to a maximum of 25, upon application to Defendant Herrin.

62. While the Amended Emergency Declaration did not specify what information would need to be provided upon application to Defendant Herrin for special exception, such application would necessarily include the compulsory disclosure of certain information regarding the applicant, the applicant's property, and size and nature of the applicant's proposed gathering.

63. Our Supreme Court has held: "[I]t is hardly a novel perception that compelled disclosure of affiliation … may constitute (an) effective restraint on freedom of association. This Court has recognized the vital relationship between freedom to associate and privacy in one's associations. Inviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of

association..." *Bates v. City of Little Rock*, 361 U.S. 516, 523, 80 S. Ct. 412, 416, 4 L. Ed. 2d 480 (1960) (citations omitted).

64. The restrictions imposed by the Ordinance limit the number of individuals permitted upon residential property to 15.

65. The First Amendment to the U.S. Constitution enshrines the citizenry's freedom of association and assembly.

66. The Ordinance provides certain exceptions to its prohibitions, including for "religious functions" and "protest demonstrations," however, "[the] conjunction of liberties is not peculiar to religious activity and institutions alone. The First Amendment gives freedom of mind the same security as freedom of conscience. Great secular causes, with small ones, are guarded." *Thomas v. Collins*, 323 U.S. 516, 531, 65 S. Ct. 315, 323, 89 L. Ed. 430 (1945) (citations omitted).

67. The Emergency Declaration and Ordinance, violate the freedoms of association and assembly guaranteed Plaintiffs and all Borough residents by the First Amendment of the U.S. Constitution.

68. The harm being perpetrated by Defendants is on-going, and will continue or may continue in the future unless enjoined, and further constitutes a significant violation of various constitutional rights guaranteed by the U.S. Constitution.

69. The Emergency Declaration and Ordinance compelled a restriction upon the movement, association, and assembly of Borough residents, and threaten to impose quasi-criminal citations and fines for those in violation of the Defendants' edicts.

3778479v2
211814.69597

70. Defendant Herrin established a variance process to be administered by her exclusively, though failed to provide objective criteria relevant to such application or approval thereof.

71. Defendant Herrin herself organized and hosted a gathering to benefit her political campaign of upwards to fifty (50) individuals – double the maximum number permitted even with authorization under her arbitrary application process.

72. Commercial and municipal properties are not subject to the restrictions imposed upon residential properties, resulting in unreasonably disparate impact upon the deprivation of constitutional rights of the Borough's residential citizens.

73. The Defendants do not set forth with particularity what factors or statistical threshold need be met in order to rescind the Ordinance, and provide Borough residents with no means to challenge or appeal any official decision with respect to violation of the Ordinance.

74. The Defendants' regulation of residential property versus non-residential real property is arbitrary and capricious.

75. Plaintiffs have a protected liberty interest in their rights to life, liberty, and property without arbitrary governmental interference.

76. Plaintiffs have the right to protection from the arbitrary and capricious actions of the governmental Defendants.

77. Governmental entities are restrained from engaging in conduct that "shocks the conscious" or that interferes with the concept of ordered liberty by the U.S. Constitution and the doctrine of substantive due process.

3778479v2
211814.69597

78.     Defendants' actions constitute an official policy, custom, and practice of the Borough as an extension of the Commonwealth of Pennsylvania, and further shock the conscience of the residents of the Borough and the citizens of the Commonwealth.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiffs demand judgment in their favor, and against Defendants jointly and severally, and seek relief as follows:

(1)     Declaratory Judgment that issuance and enforcement of the Emergency Declaration and Amended Emergency Declaration were unconstitutional for all of the reasons *passim*, and that the actions of Defendant Herrin were unlawful and unconstitutional;

(2)     Declaratory Judgment that issuance and enforcement of the Ordinance is unconstitutional for all of the reasons *passim*, and that the actions of the Borough are unlawful and unconstitutional;

(3)     A permanent injunction prohibiting Defendants from enforcing the Ordinance in the manner and fashion set forth in the Ordinance;

(4)     A declaration that the rights of the Plaintiffs and the residents of the Borough have been violated by the various actions of the Defendants, that Defendants are enjoined from engaging in such future violations, and that the Emergency Declaration, Amended Emergency Declaration, and Ordinance were void *ab initio*;

(5)     An award of Plaintiffs' costs and expenses, including reasonable attorneys' fees under 42 U.S.C. §1983 and 1988; and,

(6) Such other relief as the Court may deem just and necessary under the circumstances.

Respectfully submitted,

MacELREE HARVEY, LTD.

_/s/ Lindsay A. Dunn_
Lindsay A. Dunn, Esquire
17 West Miner Street
P.O. Box 660
West Chester, PA 19381-0660
(610) 436-0100
e-mail: ldunn@macelree.com