IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD URBANIC**, *et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 20-5588 |
| **v.** | : | |
| | : | |
| **BOROUGH OF WEST CHESTER,** | : | |
| *et al.* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 25th day of November 2020, upon consideration of Plaintiffs' second *motion for a temporary restraining order*, [ECF 11], and the verified complaint with its attachments, wherein Plaintiffs allege various constitutional violations with respect to an ordinance issued by Defendants Borough of West Chester and Mayor Diane Herrin restricting the number of persons who can gather at a person's home, it is hereby **ORDERED** that the motion for a temporary restraining order is **DENIED**.¹

---

¹ In the complaint, Plaintiffs allege various constitutional violations with respect to an emergency ordinance issued by Defendants Mayor Diane Herrin and the Borough of West Chester that, *inter alia*, limits the number of individuals who can gather in a private residence to fifteen persons and requires face coverings be worn in residences if non-family members are present. [ECF 1]. Plaintiffs move to enjoin the execution of the ordinance. Federal Rule of Civil Procedure ("Rule") 65 governs the issuance of a temporary restraining order. Such relief is extraordinary in nature and available only in limited circumstances. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The standard for obtaining a temporary restraining order is the same standard for obtaining a preliminary injunction. *Corporate Synergies Group, LLC v. Andrews*, 775 F. App'x 54, 58 n.5 (3d Cir. 2019) (citing *PennMont Sec. v. Frucher*, 586 F.3d 242, 245 (3d Cir. 2009)). A court deciding a request for injunctive relief must consider four factors: (1) whether the movant has shown a probability of success on the merits; (2) whether the movant will be irreparably injured if relief is denied; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief is in the public interest. *Crissman v. Dover Downs Ent. Inc.*, 239 F.3d 357, 364 (3d Cir. 2001).

In *Reilly v. City of Harrisburg,* 858 F.3d 173, 179 (3d Cir. 2017), the United States Court of Appeals for the Third Circuit ("Third Circuit") clarified the burden on a movant when seeking preliminary injunctive relief and held that the movant must first demonstrate "a better than negligible chance" of prevailing on the merits and that "it is more likely than not" that the movant will suffer irreparable harm in the absence of a preliminary injunction. *Reilly*, 858 F.3d at 179. If a movant meets these two threshold requirements, the district court then "considers the remaining two factors and determines, in its sound discretion, whether the

balance of the four factors weigh in favor of granting injunctive relief." *Id.* "The irreparable harm alleged must be actual and imminent, not merely speculative." *Moneyham v. Ebbert*, 723 F. App'x 89, 92 (3d Cir. 2018). Further, a district court is not required to hold a hearing on a moving party's request for a preliminary injunction "when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175-76 (3d Cir. 1990).

Here, Plaintiffs' claims are premised on their contention that Defendants' ordinance violates Plaintiffs' substantive and procedural due process and equal protection rights because, as imposed, it is arbitrary, capricious, and irrational. After a careful review of Plaintiffs' submissions, this Court concludes that Plaintiffs have failed to establish that they have a "better than negligible" likelihood of prevailing on the merits of their claims. Specifically, this Court finds that genuine disputes of material fact exist, at this stage, as to whether Defendants' imposition of the restriction on the number of persons who may gather at a residence was arbitrary, capricious, or irrational, or deprived Plaintiffs of a protectable interest without a meaningful opportunity to be heard. In light of these genuine disputes, Plaintiffs have not met their burden with respect to the extreme remedy of a temporary restraining order.

This Court also finds that even if Plaintiffs have arguably articulated irreparable harm, this Court cannot conclude at this stage that Plaintiffs' alleged harm outweighs the potential harm to the general public if the restriction is lifted. Enjoining the actions of elected officials in matters that affect public safety also constitutes an irreparable harm. *See Maryland v. King*, 567 U.S. 1301, 1301 (2012). Here, granting a temporary restraining order may result in more transmissions of COVID-19 and more cases of serious illness and death. Thus, the potential harm to the public is significant and not outweighed by the irreparable harm Plaintiffs might suffer. Accordingly, Plaintiffs' motion for a temporary restraining order is denied.

In reaching this conclusion, this Court is cognizant of the recent caution exerted by Chief Justice Roberts with respect to a similar challenge to another elected official's COVID-19 restrictions:

> The precise question of when restrictions on particular social activities should be lifted during the pandemic is a dynamic and fact-intensive matter subject to reasonable disagreement. Our Constitution principally entrusts "[t]he safety and the health of the people" to the politically accountable officials of the States "to guard and protect." *Jacobson v. Massachusetts*, 197 U.S. 11, 38, 25 S.Ct. 358, 49 L.Ed. 643 (1905). When those officials "undertake[ ] to act in areas fraught with medical and scientific uncertainties," their latitude "must be especially broad." *Marshall v. United States*, 414 U.S. 417, 427, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974). Where those broad limits are not exceeded, they should not be subject to second-guessing by an "unelected federal judiciary," which lacks the background, competence, and expertise to assess public health and is not accountable to the people. *See Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 545, 105 S. Ct. 1005, 83 L.Ed.2d 1016 (1985).
>
> That is especially true where, as here, a party seeks emergency relief in an interlocutory posture, while local officials are actively shaping their response to changing facts on the ground. The notion that it is "indisputably clear" that the Government's limitations are unconstitutional seems quite improbable.

*S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, (Mem)–1614, 207 L. Ed. 2d 154 (2020). As opined by Chief Justice Roberts, it is "quite improbable" that Defendants' health and safety limitations embodied in restriction at issue are "indisputably" unconstitutional. The constitutionality of the restriction

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

in question is a "fact-intensive" inquiry, "subject to reasonable disagreement[,]" and, thus, inherently inappropriate for imposition of a temporary restraining order.

This Court also notes that the Third Circuit recently granted the Governor of Pennsylvania's motion to stay a district court's decision invalidating several of the Governor's COVID-19 restrictions, thereby necessarily finding that the Governor had demonstrated a likelihood of succeeding with his appeal. *County of Butler v. Thomas W. Wolf*, 2020 WL 5868393 (3d Cir. Oct. 1, 2020). These decisions, though not directly on point in terms of substance or procedure, further persuade this Court that Plaintiffs are not entitled to the injunctive relief they seek.