IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD URBANIC,** *et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 20-5588 |
| **v.** | : | |
| | : | |
| **BOROUGH OF WEST CHESTER,** *et al.* | : | |
| | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 4th day of August 2021, upon consideration of the *motion to dismiss* filed by Defendants Borough of West Chester and Mayor Diane Herrin, [ECF 18], Plaintiffs' response in opposition, [ECF 20], the supplemental briefs submitted by Plaintiffs and Defendants addressing the issue of mootness, [ECF 22, 23], and the complaint with its attachments, wherein Plaintiffs allege various constitutional violations with respect to an emergency ordinance issued by Defendants that restricts the number of persons who can gather at a person's home, [ECF 1, 9, 10], it is hereby **ORDERED** that the motion to dismiss is **GRANTED**, and the complaint against Defendants is dismissed.[1]

---

[1] In October 2020, in response to a surging number of coronavirus cases, Defendant Diane Herrin, then Mayor of the Borough of West Chester, issued an emergency declaration placing limitations on certain indoor gatherings in private homes. As Mayor, Defendant Herrin had the executive power to issue emergency declarations effective only "until appropriate action can be taken by [the Borough] Council." West Chester, Pa., Home Rule Charter § 401.I (1994). Thus, when the Council of the Borough of West Chester acted to address the COVID-19 Pandemic on October 21, 2020, the Mayor's emergency declaration expired. *See id*. On that date, the Borough Council issued an emergency ordinance which also placed limitations on certain indoor gatherings. Like the Mayor's emergency declaration, the emergency ordinance was subject to a statutory expiration date, set for December 20, 2020. *See* Home Rule Charter § 302.I.

Plaintiffs filed this action on November 9, 2020, alleging various constitutional violations by the Mayor's emergency declaration and the Borough Council's ordinance (collectively, the "Emergency Orders") and seeking declaratory judgment, injunctive relief, and damages. [ECF 1]. Plaintiffs also filed a motion for a temporary restraining order and for a preliminary injunction, which this Court denied. [ECF 3, 14, 19]. On December 9, 2020, Defendants filed this motion to dismiss. [ECF 18]. The emergency ordinance expired, as scheduled, on December 20, 2020, and has not been renewed. By Order dated June

8, 2021, in light of the expiration of the Emergency Orders, this Court directed the parties to submit supplemental briefs addressing whether this matter should be dismissed, as moot. [ECF 21]. In their brief, Defendants argue that the expiration of the Emergency Orders renders this case moot. [ECF 22]. Plaintiffs, however, contend that this matter is not moot because Defendants are free to reinstate similar emergency orders at any time. [ECF 23].

Article III gives federal courts jurisdiction over "cases" and "controversies." U.S. Const. Art. III, §2, cl. 1; *Burke v. Barnes,* 479 U.S. 361, 363 (1987). Thus, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *New Jersey Turnpike Authority v. Jersey Cent. Power and Light*, 772 F.2d 25, 31 (3d Cir. 1985) (internal quotations omitted). If a party claims that some development has mooted the case, it bears "[t]he 'heavy burden of persua[ding]' the court" that there is no longer a live controversy. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)). A case will be found moot if "(1) the alleged violation has ceased, and there is no reasonable expectation that it will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *New Jersey Turnpike Authority*, 772 F.2d at 31 (internal citations omitted).

Under certain circumstances, however, the mere cessation of the alleged violation is insufficient to "deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth*, 528 U.S. at 189 (internal quotations and citation omitted). Such circumstances are referred to as "voluntary cessation[.]" *Hartnett v. Pennsylvania State Education Association*, 963 F.3d 301, 306 (3d Cir. 2020). A party's voluntary cessation of the challenged conduct will moot a case only if "subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 189. "[T]he touchstone of the voluntary-cessation doctrine is not how willingly the defendant changed course. Rather, the focus is on whether the defendant made that change unilaterally and so 'may return to [its] old ways' later on." *Hartnett*, 963 F.3d at 307 (*quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 189 (2000)). The "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." *Friends of the Earth, Inc.*, 528 U.S. at 189 (internal quotations and citations omitted). A party's unilateral cessation in response to litigation will weigh against a finding of mootness. *See Hartnett,* 963 F.3d at 306.

The United States Court of Appeals for the Third Circuit has not addressed the issue of mootness under circumstances similar to those presently before this Court. However, the guidance of other circuit courts is instructive. In a recent case concerning mootness, the United States Court of Appeals for the Fifth Circuit held that, in contrast to a party's unilateral action made in response to litigation, "a case challenging a statute, executive order, or local ordinance usually becomes moot if the challenged law has expired or been repealed." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020). That is, "[o]nce the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Id.* (citing *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (holding that a claim for injunctive relief against a law was moot when the law was amended to give "the precise relief that [the plaintiffs] requested")). While it is important to consider whether a defendant is only acting in response to litigation, "a statute that expires by its own terms does not implicate those concerns. Why? Because its lapse was predetermined and thus not a response to litigation. So unlike a postsuit repeal that might not moot a case, a law's automatic expiration does." *Id.* (citing *Trump v. Hawaii*, 138 S. Ct. 377, 377 (2017) (dismissing as moot a challenge to an executive order's provisions that had "expired by [their] own terms")).

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Here, this Court finds that the circumstances of the expiration of the Emergency Orders meet this mootness standard because the cessation of the Emergency Orders occurred by their "own terms," with expiration dates set by statute. There is nothing to suggest, nor do Plaintiffs argue, that Defendants ended the Emergency Orders in response to this litigation. Notably, more than six months have passed since the expiration of the emergency ordinance, with no governmental action taken to renew either the emergency declaration or the emergency ordinance. When considering the totality of circumstances, including the expiration of the Emergency Orders with no further action from Defendants, there is no reasonable expectation that the alleged wrongful behavior will reoccur, as Plaintiffs contend. Based on these considerations, this Court finds that the issues presented here are moot.

Plaintiffs, however, point to two cases to provide support for the proposition that the issues before this Court are not moot. In the first case, *Elim Romanian Pentecostal Church v. Pritker*, the court found relevant that the government was enforcing a phased reopening system which allowed for the possibility of "moving back" a phase and reinstating the challenged restrictions. 962 F.3d 341, 345 (7th Cir. 2020). Here, no argument has been made about a similar phased reopening system which would reinstate the challenged restrictions. Rather, the Emergency Orders expired as scheduled and have not been renewed. In the second case, *Acosta v. Wolf,* the court found a reasonable expectation of renewed restrictions in the event of an infection surge due to the then lack of COVID-19 vaccines. 2020 WL 3542329, *2 n.7 (E.D. Pa. June 30, 2020). Here, the circumstances are markedly different—unlike the orders in *Acosta*, the Emergency Orders expired by their own terms and have not been renewed. There are also several widely available COVID-19 vaccines. Because the circumstances in the instant case differ from those Plaintiffs cite, the cases are distinguishable.

Based on the present circumstances, this Court finds that the alleged constitutional violations have ceased with no reasonable expectation that they will reoccur. Therefore, this matter is deemed moot and, accordingly, Defendants' motion to dismiss is granted.